## SUPREME COURT.

### LYMAN TREMAIN agt. WILLIAM W. RIDER.

It is declared by § 268 of the Code, in reference to a trial by the court, (or referee,) that "either party may except to a decision on a matter of law arising upon such trial, within ten days after notice in writing, of the judgment, *in the same manner, and with the same effect, as upon a trial by jury.*"

The true test, therefore, by which to determine whether or not an exception to a decision by the court, or referee, is necessary or proper, is to inquire, whether if the decision had been pronounced by a jury in the form of a verdict, the matter in question would have been the subject of an exception to the charge of the court, when instructing the jury as to the law of the case.

So far as questions of *law* are decided *during the progress of the trial,* the party must except, if at all, *when the decision is made.* And so far as the *final decision* involves matters of law, the party dissatisfied must take his exceptions within the time prescribed—(ten days.) [*This agrees with the*

Tremain agt. Rider.

*cases of Brewer* agt. *Isish*, 12 *How. Pr. R.* 481; *Hunt* agt. *Bloomer, id.* 567; *and Johnson* agt. *Whitlock, id.* 571—*the last two cases decided by the court of appeals.* It also agrees substantially with those cases as to the mode of making up a case and exceptions upon such trials. This opinion was received just before the issuing the No. (6) containing those cases.—REPORTER.]

*Albany General Term, May,* 1856.

*Present,* HARRIS, WATSON *and* GOULD, *Justices.*

MOTION to correct case by striking out exceptions.

The action was brought to restrain the defendant from prosecuting the plaintiff as indorsed upon a note held by the defendant, and to have the indorsement declared void, upon the ground that it had been obtained fraudulently.

Issue having been joined in the action, the testimony was taken before a referee, by consent of the parties, and the cause was brought to trial before one of the justices of this court at a special term held in July, 1853, upon the pleadings and the proofs taken before the referee.

On the 5th of September, 1853, the judge before whom the trial was had, made his decision in favor of the plaintiff, upon which, on the 15th of October following, judgment was entered, declaring that the plaintiff was entitled to the relief demanded in his complaint, and that the indorsement mentioned in the pleadings was void, and directing that the defendant be perpetually restrained from commencing or prosecuting any action to enforce the liability of the plaintiff upon his indorsement, and that the plaintiff recover the costs of the action.

On the 26th of February, 1856, the defendant obtained leave by an order made at a special term, " to prepare and have settled a case and exceptions, *nunc pro tunc,* and to file the same when settled, and that it be annexed to, and form a part of the judgment-roll, with the like effect as if made, settled and filed within the time allowed by the practice of the court." In pursuance of this order, a case was made, settled and filed.

The defendant, having appealed from the judgment to the general term, inserted in the printed case prepared for the court upon the hearing of the appeal, besides the case as made and settled, what purported to be exceptions to the decision of the

judge.   These exceptions the plaintiff moved to strike out of the case.

LYMAN TREMAIN, *in person.*
JOHN H. REYNOLDS, *for defendant.*

By the court—HARRIS, Justice.   All questions of law, arising upon a trial of an issue of fact by a jury, must necessarily be determined by the court before the questions of fact are submitted to the jury for their determination.   The party dissatis· fied with the decision of any such question, is required to take his exception at the time the decision is made.   Whether it relate to the admission or rejection of evidence, or a motion for nonsuit, or instructions to the jury, or a refusal to instruct the jury as requested, the party intending to insist that error has been committed is required to make his objection in season to have the alleged error corrected.   If he omit to do this, he will afterwards be deemed to have acquiesced in the decision.

But where the same person is required to decide both questions of law and of fact, as is the case in trials by the court and by a referee, it may happen that questions of law arising upon the trial may not be decided before the action is submitted for final decision upon the issue of fact.   Thus, when a judge or a referee assumes the double office of court and jury, he may reserve the decision of a question arising upon the trial as to the admissibility of evidence, or upon a motion for a nonsuit, until he makes his final decision upon the issue to be tried.   So, too, in respect to questions of law arising upon the evidence, and which, upon a trial by jury, the court would be required to decide in submitting the case to the jury, when the effect of the evidence is to be determined by the judge or a referee, he will have no occasion to decide these questions, until he has first ascertained the facts established by the evidence.

In all such cases, it is obvious that the party against whom the decision is finally made, could have no opportunity to except during the progress of the trial.   For this class of cases, the framers of the Code have attempted to provide, by declaring

Tremain agt. Rider.

that upon the trial of a question of fact by the court or a referee, either party may except to a decision on a matter of law arising upon such trial, within ten days after notice in writing of the judgment, "in the same manner, and with the same effect, as upon a trial by jury."

To give a practical construction and effect to this provision has perplexed the profession as much, perhaps, as any other question arising under the Code. Some have thought it was intended to authorize a party within the time prescribed, to take any legal objection which might have been taken upon the trial, if had before a jury. Others have thought it was merely intended to secure to the unsuccessful party the right to have objections taken upon the trial reduced to form, so that they might be incorporated in the record as provided in the 281st section.

Again, it has been thought that no questions could be presented upon a review except such as have been raised in the manner prescribed in the section under consideration. Since this motion was made, a case has been argued, upon appeal from a judgment entered upon the report of a referee, in which the attorney for the appellant has thought it necessary to incorporate in the record *twenty-eight* distinct exceptions to the report of the referee, each involving, exclusively, a question of fact. The uncertainty which prevails in relation to the construction to be given to this provision of the Code, has, undoubtedly, induced this needless precaution.

The decision of a judge or referee upon an issue of fact, like the verdict of a jury, is a compound of law and fact. When the trial is by jury, one of the ingredients for this compound is furnished by the court—the other by the jury. There is no difficulty in resolving the compound into its elements by separating the law from the facts. When the trial is without a jury, as the court is not required to declare the law of the case upon the trial, the process of separation, when the decision comes to be made, is less simple. It may not be readily perceived, in every case, to what extent the decision is made up of law, and to what extent, of fact. So far as it involves questions of law,

to that extent it is the subject of exception. So far as it involves matters of fact, no exception is required.

The exception may be taken, it is declared, in the same manner, and with the same effect, as upon a trial by jury. The true test, therefore, by which to determine whether or not an exception to a decision of the court, or a referee, is necessary or proper, is, to inquire whether, if the decision had been pronounced by a jury in the form of a verdict, the matter in question would have been the subject of an exception to the charge of the court, when instructing the jury as to the law of the case.

This, then, I understand to be the effect of the provision of the Code under consideration. So far as questions of law are decided during the progress of the trial, the party dissatisfied with the decision must except when the decision is made, or he will be deemed to have waived his right to except. And so far as the final decision made by the court or referee, after the trial is closed, involves matters of law—such as, if the trial had been by a jury, the court would have been required to decide when instructing the jury upon the law of the case, the party dissatisfied must take his exceptions to such matters within the time prescribed, or he will be deemed to have acquiesced in the decision.

The mode of proceeding, when a party desires to except under this provision of the Code, is worthy of a moment's notice. If the question which the party desires to present for review upon appeal, sufficiently appears upon the record, without a statement of the evidence, it will be enough for the party to draw up his exceptions to the decision, and serve them upon the adverse party within the time prescribed, or such further time as may be allowed for that purpose under the 405th section of the Code : but such a case will rarely occur.

Generally, it will be found necessary, in order to present intelligibly the questions of law which the party appealing seeks to have reviewed, to make a case containing at least a portion of the evidence ; and if exceptions have been taken while the the trial was in progress, these, too, should be inserted in the

case. A subsequent provision in the 268th section of the Code prescribes the mode of proceeding.

The case or exceptions prepared for the purpose of bringing before the appellate court what occurred upon the trial, is entirely distinct from the exceptions authorized by the first clause of the section. If the party about to appeal relies upon erroneous decisions made upon the trial, or will contend that the decision upon questions of fact is not supported by the evidence, he has only to make a case or exceptions, and have the same settled according to the practice of the court. If he will go further, and insist that, though no error may have been committed upon the trial, and though the finding upon the facts may be according to the evidence, yet that the judge or referee has erred in his legal conclusions, then, and then only, he must apprise the adverse party of the ground of his objections, by serving exceptions in the manner prescribed in the first clause of this section.

In the case before us, no such exceptions were, in fact, taken. The order of the 26th of February authorized the defendant to make a case and exceptions for the purpose of having a review of the decision upon matters of fact and questions of law arising upon the trial. No application has been made for leave to except to any legal proposition involved in the decision. Nor, indeed, could any such exception, in any possible contingency, be available to the defendant.

The judge has decided that the plaintiff is entitled to a judgment declaring his contract of indorsement void. This is, in substance and effect, the whole decision. The only legal proposition it involves is, that fraud vitiates every contract in which its taint is found : all else in the decision is matter of fact, and not of law. Unless the defendant desires to controvert this familiar rule, he has no occasion to except to the decision. Suppose the case had been tried by a jury; the only charge would have been that, if the jury should find that the indorsement had been fraudulently obtained, the plaintiff would be entitled to their verdict; but otherwise their verdict should be for the defendant. Unless the defendant would have excepted

to such a charge, he has no occasion to except to this decision. The real question in the case is, whether the evidence of fraud is sufficient to sustain the decision? That question is sufficiently presented by the case which the defendant has been allowed to make.

The exceptions, therefore, should be stricken from the case, not only because they were not taken within the time allowed for that purpose, but because, if allowed to remain, they could be of no avail to the defendant.

It is not a case for granting costs to either party upon the motion.